JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 24-0078 JGB (DTBx) | Date | May 23, 2024 |
| Title | Potrillo Bros. v. Miranda Produce Inc., et al. | | |

---

Present: The Honorable **JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE**

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order (1) DISMISSING Action for Lack of Prosecution; and (2) DIRECTING the Clerk to Close the Case (IN CHAMBERS)**

On January 15, 2024, Plaintiff Potrillo Bros. ("Plaintiff") filed a complaint against Defendants Alejandra Mendez, Miranda Produce Inc., and Ernesto Miranda (collectively, "Defendants"). ("Complaint," Dkt. No. 1.) On May 9, 2024, the Court issued an order to show cause for lack of prosecution as Plaintiff had not yet filed a proof of service. ("OSC," Dkt. No. 10.) On May 17, 2024, Plaintiff timely replied to the OSC by filing proofs of service as to all Defendants and by submitting a response. ("Mendez Proof of Service," Dkt. No. 12; "Miranda Proof of Service," Dkt. No. 13; "Miranda Produce Proof of Service," Dkt. No. 14; "OSC Response," Dkt. No. 11.)

Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. Proc. 4(m) ("Rule 4(m)"). Here, however, the Mendez Proof of Service, Miranda Proof of Service, and Miranda Produce Proof of Service indicate that each Defendant was served on May 17, 2024—123 days after the Complaint was filed. (See Mendez Proof of Service; Miranda Proof of Service; Miranda Produce Proof of Service.) In its response, Plaintiff's counsel asserts that service was delayed because it mistakenly typed Plaintiff's own name, filing "the case as with Plaintiff's name as 'Potrillo Bros' instead of 'Portrillos Bros.'" (OSC Response at 2.) As such, the summons was inaccurate. (Id.) It also asserts that it was unable to timely serve Defendants until the day a response to the OSC was due because it could not find Defendants' accurate address, as Defendants had moved one year prior to the filing of the Complaint. (Id.) The Court finds that these assertions do not constitute good cause for delay, but rather indicate

that Plaintiff neglected to serve Defendants until the deadline imposed by the OSC.  Plaintiff's typo of its own name also does not justify the delay in service.

      Accordingly, pursuant to Rule 4(m), the Court **DISMISSES** the action **WITHOUT PREJUDICE**.  The Clerk is **DIRECTED** to close the case.

      **IT IS SO ORDERED.**